# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

In re:                                                   Case No. 21-41083

JERRY LEE FRANKLIN, JR., and                             Chapter 13
DESIREE RENEE FRANKLIN,
                                                         Judge Thomas J. Tucker
                              Debtors.
_____/

## ORDER DENYING DEBTORS' MOTION TO EXTEND THE AUTOMATIC STAY

This case is before the Court on a motion filed on April 12, 2021 by the Debtors, entitled "Motion to Extend the Automatic Stay" (Docket # 33, the "Motion"). The Court must deny the Motion, because it was not timely filed, and was filed too late to enable the Court to comply with the 30-day hearing deadline of 11 U.S.C. § 362(c)(3)(B).

Under 11 U.S.C. § 362(c)(3)(B), in order for the Court to extend the automatic stay, a hearing on a motion to extend the automatic stay must be completed within 30 days after the filing of the case. Because of the statute's 30-day hearing deadline, LBR 4001-4(a) (E.D. Mich.) requires that a motion to extend the stay be filed and served within seven days after the bankruptcy petition is filed. LBR 4001-4(a) provides further: "When such a motion is filed, the court will schedule a hearing with a notice to all parties in interest. If the movant has not received a notice of hearing within seven days after filing the motion, the movant may contact the judge's courtroom deputy clerk to obtain a hearing date within the time limit established by law."

The Debtors filed their voluntary petition for relief under Chapter 7 in this case on February 9, 2021. The case was voluntarily converted to Chapter 13 on April 1, 2021. Despite the recent conversion to Chapter 13, the date of "filing" of the current case, within the meaning of 11 U.S.C. § 362(c)(3), remains the petition filing date of February 9, 2021.

First, the filing date of the case is the date on which the petition commencing the case was filed under 11 U.S.C. § 301(a).  Second, under 11 U.S.C. § 348(a), with exceptions not applicable here, the conversion of this case to Chapter 13 on April 1, 2021 does not change the filing date of this case.

Debtors did not file their Motion until April 12, 2021, which was 55 days after the deadline to file such a motion expired under LBR 4001-4(a), and almost a month after the 30-day hearing deadline expired on March 11, 2021.  Because it is now impossible to schedule and conclude a hearing on the Motion within the required 30-day period, the Motion must be denied.

Accordingly,

IT IS ORDERED that the Motion (Docket # 33) is denied.

IT IS FURTHER ORDERED that this Order it is without prejudice to the Debtors' right to propose a Chapter 13 plan that includes an injunction comparable in effect to the automatic stay.  *See* 11 U.S.C. § 1322(b)(11); Fed. R. Bankr. P. 7001(7).

**Signed on April 15, 2021**

/s/ Thomas J. Tucker
**Thomas J. Tucker**
**United States Bankruptcy Judge**

2